UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD D'ALTORIO          :
                                :
    Plaintiff                   :
                                :
  v.                            : CIVIL NO. 3:CV-07-0317
                                :
UNITED STATES OF AMERICA,       : (Judge Kosik)
                                :
    Defendants                  :

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    Plaintiff John Richard D'Altorio, at the time an inmate confined at the United States Penitentiary at Canaan, Waymart, Pennsylvania, filed this Federal Tort Claims action on February 20, 2007.[1] (Doc. 1.) Plaintiff alleges medical negligence with regard to treatment received for an injury to his finger. On June 28, 2007, Defendant filed a Motion to Dismiss/Motion for Summary Judgment. (Doc. 13.) A supporting brief and record have been submitted in support of the motion. (Docs. 16, 17.) A

---

[1] While Plaintiff has not sent a notice of change to address to the court, the court learned that he has been transferred to CCM Cincinnati, Ohio. The correction to his address has been noted on the docket. In the future, Plaintiff is advised that he must notify the court of any change of address as required by this court's Standing Practice Order. The Clerk of Court will be directed to issue a copy of said Order to Plaintiff.

response to Defendant's motion was due to be filed by Plaintiff on or before August 13, 2007.  As of this date, Plaintiff has neither submitted any opposition to the motion, nor requested an enlargement of time within which to do so.

The Court is cognizant of the special difficulties facing pro se litigants.  See Haines v. Kerner, 404 U.S. 519 (1972).  However, the United States Court of Appeals for the Third Circuit has emphasized that local rules play "a vital role in the district courts' efforts to manage themselves and their dockets."  Eash v. Riggins Trucking, Inc., 757 F.2d 557, 570 (3d Cir. 1985).  Therefore, the Court will afford Plaintiff an opportunity to respond to Defendant's motion in accordance with Fed. R. Civ. P. 56 and M.D. Pa. LR 56.1.  Failure to do so will result in the motion being deemed unopposed.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

**NOW, THEREFORE THIS 17th DAY OF AUGUST, 2007, IT IS HEREBY ORDERED THAT:**

1. The Plaintiff is afforded twenty (20) days from the date of this Order to respond to the Defendant's pending motion in accordance with Fed. R. Civ. P. 56 and M.D. Pa. LR 56.1.

2. Failure to timely respond to the motion will result in the motion being deemed unopposed.

3. The Clerk of Court is directed to issue a Standing Practice Order in this case.

/s/ EDWIN M. KOSIK
United States District Judge